MICHAEL FAILLACE ESQ.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
LEONARDO LUJAN MALDONADO ,
*individually and on behalf of others similarly
situated,*

         *Plaintiff*,

     -against-

MAMA TINA'S PIZZA CORP. (d/b/a MAMA
TINA'S  PIZZA),  PETER  GOLLA  ,
MODESTO DOE, and GUSTAVO DOE,

         *Defendants.*
-------------------------------------------------------X

         **COMPLAINT**

       **COLLECTIVE ACTION UNDER**
        **29 U.S.C. § 216(b)**

         **ECF Case**

    Plaintiff Leonardo Lujan Maldonado   ("Plaintiff Maldonado" or "Mr. Maldonado"),

individually and on behalf of others similarly situated, by and through his attorneys, Michael

Faillace Esq., upon his knowledge and belief, and as against Mama Tina's Pizza Corp. (d/b/a

Mama Tina's Pizza), ("Defendant Corporation"), Peter Golla , Modesto Doe, and  Gustavo Doe,

("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

<u>**NATURE OF ACTION**</u>

   1.   Plaintiff Maldonado is a former employee of Defendants Mama Tina's Pizza Corp.

(d/b/a Mama Tina's Pizza), Peter Golla , Modesto Doe, and Gustavo Doe.

   2.   Defendants own, operate, or control a pizzeria, located at 2649 Frederick Douglas

Blvd., New York, New York 10030 under the name "Mama Tina's Pizza".

3.      Upon information and belief, individual Defendants Peter Golla , Modesto Doe, and Gustavo Doe, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the pizzeria as a joint or unified enterprise.

4.      Plaintiff Maldonado was an employee of Defendants.

5.      Plaintiff Maldonado was employed as a delivery worker at the pizzeria located at 2649 Frederick Douglas Blvd., New York, New York 10030.

6.      Plaintiff Maldonado was ostensibly employed as a delivery worker. However,  he was  required to spend a considerable part of his work day performing non-tipped duties, including but not limited to preparing food, sweeping and mopping the floor, cleaning the bathroom and the restaurant, washing dishes, stocking deliveries and loading and unloading the inventory truck (hereafter the "non-tipped duties").

7.      At all times relevant to this Complaint, Plaintiff Maldonado worked for Defendants in excess of 40 hours per week, without appropriate minimum wage or overtime compensation, for the hours that he worked.

8.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiff Maldonado appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

9.      Defendants employed and accounted for Plaintiff Maldonado as a delivery worker in their payroll, but in actuality his duties required a significant amount of time spent performing the non-tipped duties alleged above.

10.     Regardless, at all relevant times, Defendants paid Plaintiff Maldonado at a rate that was lower than the required tip-credit rate.

11.     However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiff Maldonado's non-tipped duties exceeded 20% of each workday, or 2 hours per day, whichever is less in each day.  12 N.Y. C.R.R. §146.

12.     Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Maldonado's actual duties in payroll records by designating him as a delivery worker instead of a non-tipped employee. This allowed Defendants to pay Plaintiff Maldonado the lower tip-credit rate (which they still failed to do).

13.     Defendants' conduct extended beyond Plaintiff Maldonado to all other similarly situated employees.

14.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Maldonado and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

15.     Plaintiff Maldonado now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

16.     Plaintiff Maldonado seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

17.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Maldonado's state law claims under 28 U.S.C. § 1367(a).

18.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a pizzeria located in this district. Further, Plaintiff Maldonado was employed by Defendants in this district.

## PARTIES

### Plaintiff

19.     Plaintiff Leonardo Lujan Maldonado  ("Plaintiff Maldonado" or "Mr. Maldonado") is an adult individual residing in Bronx County, New York.

20.     Plaintiff Maldonado was employed by Defendants at Mama Tina's Pizza from approximately July 4, 2021 until on or about December 8, 2024.

21.     Plaintiff Maldonado consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

### Defendants

22.     At all relevant times, Defendants owned, operated, or controlled a pizzeria, located at 2649 Frederick Douglas Blvd., New York, New York 10030 under the name "Mama Tina's Pizza".

23.     Upon information and belief, Mama Tina's Pizza Corp. (d/b/a Mama Tina's Pizza) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 2649 Frederick Douglas Blvd., New York, New York 10030.

24.     Defendant Peter Golla  is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Peter Golla  is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Peter Golla possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Maldonado, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

25.     Defendant Modesto Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Modesto Doe is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Modesto Doe possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Maldonado, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

26.     Defendant Gustavo Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Gustavo Doe is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Gustavo Doe

possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Maldonado, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

27.     Defendants operate a pizzeria located in the Harlem  section of Manhattan in New York City.

28.     Individual Defendants, Peter Golla , Modesto Doe, and Gustavo Doe, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

29.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

30.     Each Defendant possessed substantial control over Plaintiff Maldonado's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Maldonado, and all similarly situated individuals, referred to herein.

31.     Defendants jointly employed Plaintiff Maldonado (and all similarly situated employees) and are Plaintiff Maldonado's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

32.     In the alternative, Defendants constitute a single employer of Plaintiff Maldonado and/or similarly situated individuals.

33.     Upon information and belief, Individual Defendants Peter Golla , Modesto Doe, and Gustavo Doe operate Defendant Corporation as either an alter ego of  themselves and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b)  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c)  transferring assets and debts freely as between all Defendants,

d)  operating Defendant Corporation for their own benefit as the sole or majority shareholders,

e)  operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

f)  intermingling assets and debts of their own with Defendant Corporation,

g)  diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

h)  Other actions evincing a failure to adhere to the corporate form.

34.     At all relevant times, Defendants were Plaintiff Maldonado's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Maldonado, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Maldonado's services.

35.     In each year from 2021 to 2024, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

36.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the pizzeria on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

37.     Plaintiff Maldonado is a former employee of Defendants who ostensibly was employed as a delivery worker. However, he spent over 20% of each shift performing the non-tipped duties described above.

38.     Plaintiff Maldonado seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Leonardo Lujan Maldonado*

39.     Plaintiff Maldonado was employed by Defendants from approximately July 4, 2021 until on or about December 8, 2024.

40.     Defendants ostensibly employed Plaintiff Maldonado as a delivery worker.

41.     However, Plaintiff Maldonado was also required to spend a significant portion of his work day performing the non-tipped duties described above.

42.     Although Plaintiff Maldonado ostensibly was employed as a delivery worker, he spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

43.     Plaintiff Maldonado regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

44.     Plaintiff Maldonado's work duties required neither discretion nor independent judgment.

45.     Throughout his employment with Defendants, Plaintiff Maldonado regularly worked in excess of 40 hours per week.

46.     From approximately July 4, 2021 until on or about December 8, 2024, Plaintiff Maldonado worked from approximately 3:00 p.m. until on or about 11:00 p.m., one day a week, from approximately 3:00 p.m. until on or about 11:30 p.m., three  days a week and from approximately 2:00 p.m. until on or about 11:00 p.m., two days a week (typically 53.5 hours per week).

47.     Throughout his employment, Defendants paid Plaintiff Maldonado his wages in cash.

48.     From approximately July 4, 2021 until on or about December 2022, Defendants paid Plaintiff Maldonado $7.00 per hour.

49.     From approximately January 2023 until on or about December 8, 2024, Defendants paid Plaintiff Maldonado $8.00 per hour.

50.     Plaintiff Maldonado's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

51.     For example, Defendants required Plaintiff Maldonado to work 30 minutes  past his scheduled departure time three days a week, and did not pay him for the additional time he worked.

52.     Defendants seldom granted Plaintiff Maldonado uninterrupted breaks or meal periods.

53.     Plaintiff Maldonado was never notified by Defendants that his tips were being included as an offset for wages.

54.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Maldonado's wages.

55.     Plaintiff Maldonado was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

56.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Maldonado regarding overtime and wages under the FLSA and NYLL.

57.     Defendants did not provide Plaintiff Maldonado an accurate statement of wages, as required by NYLL 195(3).

58.     Defendants did not give any notice to Plaintiff Maldonado, in English and in Spanish (Plaintiff Maldonado's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

59.     Defendants required Plaintiff Maldonado to purchase "tools of the trade" with his own funds—including one bicycle, bike supplies, and maintenance.

*Defendants' General Employment Practices*

60.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Maldonado (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage and overtime compensation as required by federal and state laws.

61.     Plaintiff Maldonado was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

62.     Defendants' pay practices resulted in Plaintiff Maldonado not receiving payment for all his hours worked, and resulting in Plaintiff Maldonado's effective rate of pay falling below the required minimum wage rate.

63.     Defendants habitually required Plaintiff Maldonado to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

64.     Defendants required Plaintiff Maldonado and all  delivery workers to perform general non-tipped tasks in addition to their primary duties as  delivery workers.

65.     Plaintiff Maldonado and all similarly situated employees, ostensibly were employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing non-tipped duties.

66.      Plaintiff Maldonado and all other tipped workers were paid at a rate that was lower than the required tip-credit rate by Defendants.

67.     However, under state law, Defendants were not entitled to a tip credit because the tipped worker's and Plaintiff Maldonado's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

68.     New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

69.     Plaintiff Maldonado's duties were not incidental to his occupation as a tipped worker, but instead constituted entirely unrelated general pizzeria work with duties, including the non-tipped duties described above.

70.     In violation of federal and state law as codified above, Defendants classified Plaintiff Maldonado and other tipped workers as tipped employees, and paid them at a rate that was lower than the required lower tip-credit rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

71.     Defendants failed to inform Plaintiff Maldonado who received tips that Defendants intended to take a deduction against Plaintiff Maldonado's earned wages for tip income, as required by the NYLL before any deduction may be taken.

72.     Defendants failed to inform Plaintiff Maldonado who received tips, that his tips were being credited towards the payment of the minimum wage.

73.     Defendants failed to maintain a record of tips earned by Plaintiff Maldonado who worked as a delivery worker for the tips he received.

74.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

75.     Plaintiff Maldonado was paid his wages in cash.

76.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

77.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Maldonado (and similarly situated individuals) worked, and to avoid paying Plaintiff Maldonado properly for his full hours worked.

78.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

79.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Maldonado and other similarly situated former workers.

80.     Defendants failed to provide Plaintiff Maldonado and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

81.     Defendants failed to provide Plaintiff Maldonado and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

**FLSA COLLECTIVE ACTION CLAIMS**

82.     Plaintiff Maldonado brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b),

on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

83.     At all relevant times, Plaintiff Maldonado and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records required by the FLSA.

84.     The claims of Plaintiff Maldonado stated herein are similar to those of the other employees.

## **FIRST CAUSE OF ACTION**

### **VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA**

85.     Plaintiff Maldonado repeats and realleges all paragraphs above as though fully set forth herein.

86.     At all times relevant to this action, Defendants were Plaintiff Maldonado's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Maldonado (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

87.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

88.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

89.     Defendants failed to pay Plaintiff Maldonado (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

90.     Defendants' failure to pay Plaintiff Maldonado (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

91.     Plaintiff Maldonado (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

92.     Plaintiff Maldonado repeats and realleges all paragraphs above as though fully set forth herein.

93.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Maldonado (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

94.     Defendants' failure to pay Plaintiff Maldonado (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

95.     Plaintiff Maldonado (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

96.     Plaintiff Maldonado repeats and realleges all paragraphs above as though fully set forth herein.

97.    At all times relevant to this action, Defendants were Plaintiff Maldonado's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Maldonado, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

98.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Maldonado less than the minimum wage.

99.    Defendants' failure to pay Plaintiff Maldonado the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

100.    Plaintiff Maldonado was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS

## OF THE NEW YORK STATE LABOR LAW

101.    Plaintiff Maldonado repeats and realleges all paragraphs above as though fully set forth herein.

102.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Maldonado overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

103.    Defendants' failure to pay Plaintiff Maldonado overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

104.    Plaintiff Maldonado was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

**REQUIREMENTS OF THE NEW YORK LABOR LAW**

105.    Plaintiff Maldonado repeats and realleges all paragraphs above as though fully set forth herein.

106.    Defendants failed to provide Plaintiff Maldonado with a written notice, in English and in Spanish (Plaintiff Maldonado's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

107.    Defendants are liable to Plaintiff Maldonado in the amount of $5,000, together with costs and attorneys' fees.

**SIXTH CAUSE OF ACTION**

**VIOLATION OF THE WAGE STATEMENT PROVISIONS**

**OF THE NEW YORK LABOR LAW**

108.    Plaintiff Maldonado repeats and realleges all paragraphs above as though fully set forth herein.

109.    With each payment of wages, Defendants failed to provide Plaintiff Maldonado with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages;

the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

110.    Defendants are liable to Plaintiff Maldonado in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

111.    Plaintiff Maldonado repeats and realleges all paragraphs above as though fully set forth herein.

112.    Defendants required Plaintiff Maldonado to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, further reducing his wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

113.    Plaintiff Maldonado was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Maldonado respectfully requests that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Maldonado and the FLSA Class members;

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Maldonado and the FLSA Class members;

(d)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Maldonado's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)    Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Maldonado and the FLSA Class members;

(f)    Awarding Plaintiff Maldonado and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)    Awarding Plaintiff Maldonado and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)    Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Maldonado;

(i)    Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Maldonado;

(j)    Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Maldonado's compensation, hours, wages and any deductions or credits taken against wages;

(k)     Declaring that Defendants' violations of the provisions of the NYLL  were willful as to Plaintiff Maldonado;

(l)     Awarding Plaintiff Maldonado damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, under the NYLL as applicable

(m)     Awarding Plaintiff Maldonado damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n)     Awarding Plaintiff Maldonado liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation, shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(o)     Awarding Plaintiff Maldonado and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(p)      Awarding Plaintiff Maldonado and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(q)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r)     All such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff Maldonado demands a trial by jury on all issues triable by a jury.

Dated:  New York, New York

January 24, 2025

MICHAEL FAILLACE ESQ.

By:         /s/ Michael Faillace
            Michael Faillace [MF-8436]
            60 East 42nd Street, Suite 4510
            New York, New York 10165
            Telephone: (212) 317-1200
            Facsimile: (212) 317-1620
            *Attorneys for Plaintiff*