UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
LEONARDO LUJAN MALDONADO,
*Individually and on behalf of others similarly
Situated,*

                           *Plaintiff,*

             -against-

MAMA TINA'S PIZZA CORP. (d/b/a MAMA
TINA'S PIZZA), PETER GOLLA,
MODESTO DOE AND GUSTAVO DOE,

                           *Defendants.*
--------------------------------------------------------X

1:25-cv-01549-MKV

**ANSWER**

Defendants, MAMA TINA'S PIZZA CORP. (d/b/a MAMA TINA'S PIZZA) ("Mama"),

PETER GOLLA, MODESTO DOE AND GUSTAVO DOE (collectively, "Defendants"), by their

attorneys, Turturro Law, P.C., as for their answer to the Plaintiff's Complaint, set forth the

following:

## NATURE OF THE ACTION

1. Defendants deny the allegation in paragraph numbered 1 of the Plaintiff's Complaint.

2. Defendant Peter Golia denies the allegation in paragraph numbered 2 of the Plaintiff's Complaint; Defendant Mama admits the allegation in paragraph numbered 2 of the Plaintiff's Complaint; and, defendants Modesto Doe and Gustavo Doe admit that they are the sole shareholders of defendant Mama.

3. Defendant Peter Golia denies the allegation in paragraph numbered 3 of the Plaintiff's Complaint; Defendant Mama admits the allegation in paragraph numbered 3 of the Plaintiff's Complaint; and, defendants Modesto Doe and Gustavo Doe admit that they are the sole shareholders of defendant Mama.

4. Defendants deny the allegation in paragraphs numbered 4-16 of the Plaintiff's Complaint.

## JURISDICTION AND VENUE

5. Defendants deny the allegations in paragraphs numbered 17 through 18 of the

1

Plaintiff's Complaint except defendant Mama admits that it operates a pizzeria in this district.

## PARTIES

6. Defendants deny the allegations in paragraphs numbered 19 through 22 of the Plaintiff's Complaint.

7. Defendant Mama admits the allegations in paragraph numbered 23 of the Plaintiff's Complaint.

8. Defendants deny the allegations in paragraphs numbered 24-26 of the Plaintiff's Complaint except admit that defendants Modesto Doe and Gustavo Doe admit that they are the sole shareholders of defendant Mama.

## FACTUAL ALLEGATIONS

9. Defendants deny the allegations in paragraph numbered 27of the Complaint except defendant Mama admits that it operates a pizzeria in the Harlem section of the Manhattan.

10. Defendants deny the allegations in paragraphs numbered 28 through 81 of the Plaintiff's Complaint.

## FLSA COLLECTIVE ACTION CLAIMS

11. Defendants deny the allegations in paragraphs numbered 82 through 84 of the Plaintiff's Complaint.

### AS FOR THE FIRST CAUSE OF ACTION

12. Defendants deny the allegations in paragraphs numbered 85 through 91 of the Plaintiff's Complaint.

### AS FOR THE SECOND CAUSE OF ACTION

13. Defendants deny the allegations in paragraphs numbered 92 through 95 of the Plaintiff's Complaint

### AS FOR THE THIRD CAUSE OF ACTION

14. Defendants deny the allegations in paragraphs numbered 96 through 100 of the Plaintiff's Complaint

**AS FOR THE FOURTH CAUSE OF ACTION**

15. Defendants deny the allegations in paragraphs numbered 101 through 104 of the Plaintiff's Complaint

**AS FOR THE FIFTH CAUSE OF ACTION**

16. Defendants deny the allegations in paragraphs numbered 105 through 107 of the Plaintiff's Complaint

**AS FOR THE SIXTH CAUSE OF ACTION**

17. Defendants deny the allegations in paragraphs numbered 108 through 110 of the Plaintiff's Complaint

**AS FOR THE SEVENTH CAUSE OF ACTION**

18. Defendants deny the allegations in paragraphs numbered 111 through 113 of the Plaintiff's Complaint

**<u>DEFENDANTS' JOINT STATEMENT OF<br>AFFIRMATIVE DEFENSES AND OTHER DEFENSES</u>**

Without assuming the burden of proof as to any of the following defenses where the law does not impose such burden on Defendants, Defendants assert the following affirmative and other defenses upon information and belief:

**<u>AS FOR A FIRST AFFIRMATIVE DEFENSE</u>**

Plaintiff's claims are barred to the extent that they have failed to state a claim upon which relief can be granted.

**<u>AS FOR A SECOND AFFIRMATIVE DEFENSE</u>**

To the extent that the period(s) of time referenced in the Complaint, or the period(s) of time alleged later in this action, predate the limitations period(s) contained in Section 6(a) of the Portal-to-Portal Act, 29 U.S.C. § 255(a), or the New York Labor Law ("NYLL"), such claims of Plaintiff's are time-barred.

**<u>AS FOR A THIRD AFFIRMATIVE DEFENSE</u>**

To the extent that defendant Mama's actions taken in connection with Plaintiff's compensation were done in good faith in conformity with, and in reliance upon,

written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor or the New York State Department of Labor, Plaintiffs' claims are barred in whole or in part by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. §§ 258 and 259.

### AS FOR A FOURTH AFFIRMATIVE DEFENSE

To the extent that any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that said acts or omissions were not a violation of the Fair Labor Standards Act ("FLSA") or the NYLL, then Plaintiff's claims are barred in whole or in part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260 and/or the provisions of NYLL § 198.

### AS FOR A FIFTH AFFIRMATIVE DEFENSE

Defendants assert a lack of willfulness or intent to violate the FLSA or the NYLL as a defense to any claim by Plaintiff for liquidated damages, to the extent Defendants acted in good faith to comply with the FLSA and the NYLL and with reasonable grounds to believe that their actions did not violate the FLSA or the NYLL.

### AS FOR A SIXTH AFFIRMATIVE DEFENSE

To the extent applicable, Plaintiff's claims are barred by the doctrines of waiver, unclean hands, estoppel, and/or laches.

### AS FOR A SEVENTH AFFIRMATIVE DEFENSE

To the extent that any of the activities alleged in the Complaint do not constitute compensable work under the FLSA and/or the NYLL and, furthermore, to the extent that such activities were not an integral or indispensable part of Plaintiff's principal activities of employment, they are not compensable.

### AS FOR AN EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which Plaintiff was engaged in activities that were preliminary or postliminary to Plaintiff's principal activities or incidental to them.

### AS FOR A NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that the work they

performed falls within exemptions, exclusions, exceptions, offsets, or credits permissible under the FLSA and/or the NYLL, including, but not limited to, those provided in 29 U.S.C. §§ 207, 213, and the FLSA's state law equivalents.

### AS FOR A TENTH AFFIRMATIVE DEFENSE

To the extent that any of the Defendants are or were neither an "enterprise engaged in commerce or in the production of goods for commerce" under the FLSA, and Plaintiff was neither "engaged in commerce or in the production of goods for commerce" under the FLSA for such Defendant(s), such Defendant(s) is/was not obligated to pay overtime under the FLSA.

### AS FOR AN ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of de minimis non curat lex.

### AS FOR A TWELFTH AFFIRMATIVE DEFENSE

Supplemental or pendant jurisdiction should not be exercised over Plaintiff's NYLL claims.

### AS FOR A THIRTEENTH AFFIRMATIVE DEFENSE

To the extent Defendants failed to provide Plaintiff with notices and/or statements required by NYLL § 195(1) and/or NYLL § 195(3), but made complete and timely payment of all wages due pursuant to the NYLL, Plaintiff is not entitled to any damages to any failure to provide such notices and/or statements.

### AS FOR A FOURTEENTH AFFIRMATIVE DEFENSE

Defendants have not willfully failed to pay Plaintiff's any wages and/or monies claimed to be due, and there is a bona fide, good faith dispute with respect to Defendants' obligation to pay any sum that may be alleged to be due.

### AS FOR A FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to an award of prejudgment interest if they prevail on any or all of the stated claims to the extent such interest is not permitted by the applicable statute.

### AS FOR A SIXTEENTH AFFIRMATIVE DEFENSE

To the extent discovery reveals that Plaintiff falsely reported his hours and there is no evidence that Defendants required the false reporting of hours, and no evidence

that Defendants knew or should have known that Plaintiff was providing false information as to their hours, then Defendants hereby invoke the doctrines of estoppel and avoidable consequences to bar the claims asserted by Plaintiff.

## AS FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that such claims have been released, waived, discharged, and/or abandoned.

## AS FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of payment, partial or whole.

## AS FOR A NINETEENTH AFFIRMATIVE DEFENSE

The individual Defendants were not employers of either Plaintiff under the FLSA or the NYLL.

## AS FOR A TWENTIETH AFFIRMATIVE DEFENSE

Defendants, at all times, acted in good faith to comply with the FLSA and with reasonable grounds to believe that their actions did not violate the FLSA and, as such, assert that there is no willfulness or intent to violate the FLSA, as a defense to any claim for liquidated damages or for a three-year limitations period to apply.

## AS FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff cannot recover statutory damages, reasonable attorneys' fees, and/or costs of this action under NYLL § 195(1) and/or NYLL § 195(3) to the extent that Defendants had a good faith, reasonable basis for not providing Plaintiffs with any written notices and/or statements.

## AS FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

Assuming, *arguendo*, that the Plaintiff is owed additional compensation for hours worked, any such additional compensation is offset by monies paid to Plaintiff in excess of what they were otherwise legally entitled to receive by virtue of his employment.

## AS FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendants reserve the right to assert additional affirmative and other defenses or claims which may be ascertained during the course of discovery in this action or otherwise.

6

## **PRAYER FOR RELIEF**

**WHEREFORE,** Defendants respectfully request that:
(A) the Complaint be dismissed with prejudice and that Plaintiff takes nothing thereby;
(B) judgment be entered in favor of Defendants on all claims;
(C) Defendants be awarded their attorneys' fees and costs incurred in the defense of this action; and
(D) such other and further relief as this Court deems just and proper.


Dated: April 7, 2025
Staten Island, New York

**Turturro Law, P.C.**
By: /s/*Natraj S. Bhushan*
1361 N. Railroad Ave.
Staten Island, NY 10306
Tel.: (718) 384-2323
Email: natraj@turturrolawpc.com
*Attorneys for Defendants*


To (via ECF) : all counsel of record

7